# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| AGSTAR FINANCIAL SERVICES, PCA, and AGSTAR FINANCIAL SERVICES, FLCA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-138-TLS |
| DE JONG DAIRY LEASING, LLC, DE JONG DAIRY, LLC, SIMON DE JONG, and JAMES BRUCE MOODY d/b/a/ Moody Farms, | ) ) ) ) | |
| Defendants. | ) | |

## DEFAULT JUDGMENT AND DECREE OF FORECLOSURE

This matter is before the Court on an Application for Default Judgment and Decree of Foreclosure Against Defendants Pursuant to Rule 55 of the Federal Rules of Civil Procedure [ECF No. 51], filed on February 10, 2011, by Plaintiffs AgStar Financial Services, PCA (AgStar PCA) and AgStar Financial Services, FLCA (AgStar FLCA). The Plaintiffs ask the Court to enter judgment by default against Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong and to enter a decree of foreclosure.

On April 30, 2010, the Plaintiffs filed a Verified Complaint for Breach of Contract, Foreclosure, and Other Relief [ECF No. 1], to which is attached an Appendix containing Exhibits referenced in the Complaint. On May 25, the Plaintiffs filed an Amended Complaint for Breach of Contract, Foreclosure, and Other Relief [ECF No. 21]. The Amended Complaint incorporates by reference the Appendix to the Complaint, including the Exhibits.

On August 23, the Plaintiffs filed a Declaration of Service [ECF No. 36] showing that, on May 28, Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong

were each served by Federal Express International Priority Mail with a Summons and copies of the Plaintiffs' Complaint and Amended Complaint, in addition to other documents that had been filed in this case. The Plaintiffs have also shown that they have no knowledge that Defendant Simon De Jong is a minor, incompetent, or on active duty in any of the armed forces of the United States. Also on August 23, the Plaintiffs filed an Application for Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [ECF No. 37]. On August 25, the Clerk entered Default [ECF No. 38] against Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong because they failed to plead or otherwise defend against this action. On February 10, 2011, the Plaintiffs filed an Application for Default Judgment and Decree of Foreclosure Against Defendants Pursuant to Rule 55 of the Federal Rules of Civil Procedure [ECF No. 51] and Memorandum in Support [ECF No. 52].

On March 2, the Court issued an Order taking the Application for Default Judgment and Decree of Foreclosure under advisement and granting the Plaintiffs leave to supplement the record with materials addressing their assertion that Defendant James Bruce Moody d/b/a Moody Farms, who has appeared and answered in this action, has expressly waived and disclaimed any interest in the Mortgaged Premises and their reference to a favorable judgment entered by a state court. On March 3, Defendant Moody submitted a Disclaimer of Interest [ECF No. 59] in which he "expressly and unequivocally disclaims any and all interest in the instant foreclosure action and/or the Mortgaged Premises" and "acknowledges that the certain Silage Pad Lease Agreement, dated July 13, 2009, as referenced in Moody's Answer to Amended Complaint (ECF Doc. #30) has been terminated in its entirety." On March 9, 2011, the Plaintiffs filed a Supplement [ECF No. 60] addressing the Defendant Moody disclaimer and state court judgment issues. Attached to the Plaintiffs' Supplement is a certified copy of the Default Judgment entered

on June 29, 2010, by the Steuben Circuit Court in the case of *AgStar Financial Services, PCA v. De Jong Dairy, LLC, et al.*, Case No. 76C01-1003-CC-1080 (Steuben County Judgment), in favor of AgStar PCA in the amount of $1,685,742.17, plus interest on the unpaid principal balance of $1,633,791.79 at the rate of 7.5% per annum from March 21, 2010. Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong have not responded to or opposed these supplemental submissions, and the response period under Local Rule 7.1(a) has now passed.

From a review of the record in this case, it appears that Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong have been duly served with process to appear and answer the Amended Complaint in accordance with the rules of this Court; that Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong have failed to appear and answer the Amended Complaint; and that the Clerk has entered Default against Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong.

The Court finds that, pursuant to the terms of the FLCA Note (as the term is defined in the Amended Complaint) and as supported by the Affidavit of Daniel Godfrey, which is included in the Appendix as Exhibit C, AgStar FLCA is entitled to damages for breach of the FLCA Note in the principal amount of $2,869,873.52, plus interest at the default rate of 6.75% per annum from April 14, 2010, on the principal balance.

The Court further finds that the Mortgages (as the terms are defined in the Amended Complaint) secure the amounts due and owing to the Plaintiffs; that the FLCA Mortgage is a valid and subsisting first lien on the Mortgaged Premises (as the term is defined in the Amended Complaint and more particularly described in Exhibit A in the Appendix) owned by Defendant De Jong Dairy Leasing, LLC; that the PCA Mortgage, which Mortgage secures certain Notes

that have been reduced to judgment in favor of AgStar PCA in the amount of $ 1,685,742.17, plus interest on the unpaid principal balance of $1,633,791.79 at the rate of 7.5% per annum from March 21, 2010, in the case of *AgStar Financial Services, PCA v. De Jong Dairy, LLC, et al.*, in Steuben Circuit Court Case No. 76C01-1003-CC-1080, is a valid and subsisting lien on the Mortgaged Premises junior to the FLCA Mortgage; and that the FLCA and PCA Mortgages should be foreclosed and the Mortgaged Premises offered for sale in order to satisfy the amounts owed to the Plaintiffs.

For these reasons, the Court GRANTS the Plaintiffs' Application for Default Judgment and Decree of Foreclosure Against Defendants Pursuant to Rule 55 of the Federal Rules of Civil Procedure [ECF No. 51].

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that, on the First Claim for Relief (breach of contract on the FLCA Note), judgment is entered in favor of Plaintiff AgStar Financial Services, FLCA against Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong, jointly and severally, pursuant to the FLCA Note in the amount of $2,877,048.20 (constituting principal in the amount of $2,869,873.52, accrued and unpaid interest in the amount of $7,174.68), and late charges in the amount of $2,031.77, plus interest at the default rate of 6.75% per annum from April 14, 2010, on the principal balance of $2,869,873.52 (the Judgment).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, on the Second and Third Claims for Relief (foreclosure of the FLCA Mortgage and foreclosure of the PCA Mortgage):

1. The FLCA Mortgage is declared to be a valid and subsisting first lien on the Mortgaged Premises in the amount of the Judgment;

2. Defendant James Bruce Moody d/b/a Moody Farms has disclaimed any interest in

the Mortgaged Premises by virtue of his silage pad lease agreement dated July 13, 2009, according to applicable law.

3. The PCA Mortgage, which Mortgage secures certain Notes that have been reduced to judgment in favor of AgStar PCA in the amount of $1,685,742.17, plus interest on the unpaid principal balance of $1,633,791.79 at the rate of 7.5% per annum from March 21, 2010, in the case of *AgStar Financial Services, PCA v. De Jong Dairy, LLC, et al.*, in Steuben Circuit Court Case No. 76C01-1003-CC-1080, is declared to be a valid and subsisting second lien on the Mortgaged Premises in the amount of the Steuben County Judgment junior only to the FLCA Mortgage;

4. All existing liens on the equity of redemption of Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong, and any and all persons claiming through them, are forever cut-off, barred, and foreclosed;

5. The Mortgaged Premises, more particularly described in Exhibit A in the Appendix, and/or the interests of Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong in the Mortgaged Premises, are ordered sold, according to law, free and clear of all claims and interests of these Defendants in this action or any other person.

6. At such sale, the Plaintiffs shall be empowered to credit bid for the Mortgaged Premises up to the amount of the Judgment (including costs and charges hereafter incurred) with the amounts owing to the Plaintiffs on the Judgment being credited with the amount bid by the Plaintiffs if they are the successful bidder.

7. Upon the sale of the Mortgaged Premises, the proceeds of such sale are to be paid in the following order:

   (a) to the costs of the sale of the Mortgaged Premises;

(b) to AgStar FLCA up to the amount of the Judgment;

(c) to AgStar PCA up to the amount of the Steuben County Judgment; and

(d) the balance to Defendant De Jong Dairy Leasing, LLC.

Upon the execution of a deed of conveyance of the Mortgaged Premises, Defendants De Jong Dairy Leasing, LLC, De Jong Dairy, LLC, and Simon De Jong or any other person who may be in possession of the Mortgaged Premises or any part thereof, shall immediately surrender to the holder of the deed the full and peaceful possession of the Mortgaged Premises, and, upon failure to do so, law enforcement officers shall immediately vacate the Mortgaged Premises and give the full and peaceful possession to the holder of the deed. A certified copy of this Decree shall be sufficient authority to proceed as herein directed.

SO ORDERED on March 24, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT